IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| HALLMARK CARDS, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-357-CV-W-ODS |
| | ) | |
| MONITOR COMPANY GROUP LIMITED PARTNERSHIP, | ) ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR CONFIRMATION OF ARBITRATION AWARD**

Plaintiff Hallmark Cards, Incorporated ("Hallmark") and defendant Monitor Company Group Limited Partnership ("Monitor"), pursuant to 9 U.S.C. § 9 and the agreement of the parties, respectfully request an Order confirming the Award of the Arbitrator in the matter of the arbitration between Hallmark and Monitor, and directing that judgment be entered accordingly.

1. This case is an action to confirm an arbitration award and for entry of judgment pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

2. Hallmark is a Missouri corporation in good standing with a principal place of business in Kansas City, Missouri.

3. Monitor is a Delaware limited partnership with its principal place of business in Cambridge, Massachusetts.

4. The amount in controversy exceeds $75,000 exclusive of interest and costs.

5. Jurisdiction is proper pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1332.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the

arbitration award as to which confirmation is sought was issued in this judicial district.

7. On December 5, 2001, Hallmark and Monitor entered into a written contract for consulting services (the Consultant Services Agreement"), which has been filed under seal as Exhibit A.[1]

8. The Consultant Services Agreement is for a transaction involving interstate commerce in that Hallmark, a Missouri resident corporation, retained Monitor, a Delaware limited partnership resident in Massachusetts, to provide consulting services relating to Hallmark's operations nationwide. Exh. A at ¶ 1.

9. The Consultant Services Agreement contains an agreement to settle by arbitration any dispute between the parties under the rules of the American Arbitration Association. Exh. A at ¶ 31.

10. The agreement to arbitrate provides that Monitor "consents and submits to the jurisdiction of the courts in the State of Missouri or the United States District Court for the Western District of Missouri in [sic] for purposes of enforcing any arbitration decision hereunder." Exh. A at ¶ 31.

11. On or about November 22, 2005, a controversy arose out of the relationship between Hallmark and Monitor.

12. Pursuant to the arbitration agreement in the Consultant Services Agreement,

---

[1] Due to the highly confidential and proprietary nature of the subject matter of the Arbitration, the parties agreed to, and the Arbitrator entered, a Stipulated Protective Order in the Arbitration. A copy of that Stipulated Protective Order is attached as Exhibit B. The Stipulated Protective Order expressly applies to the present Motion and proceeding in this Court. Id. at ¶ 11. The parties are filing herewith a Joint Motion for Protective Order asking this Court to enter the same Stipulated Protective Order in these proceedings.

the controversy was submitted to arbitration and The Honorable David W. Russell was selected as the sole Arbitrator by agreement of the parties.

13. On March 21, 2007, following eight days of hearings at which both parties appeared, and on the evidence presented at the hearings, the Arbitrator issued an Award in the form of findings of fact and conclusions of law in the matter <u>Hallmark Cards, Incorporated v. Monitor Company Group Limited Partnership</u>, Case No. 57 181 00014 06 before the American Arbitration Association, a copy of which is filed under seal as Exhibit C (the "Arbitration Award").

14. The Arbitration Award directed that Monitor pay damages to Hallmark for breaches of contracts, and reimburse Hallmark for any fees advanced to the American Arbitration Association and the Arbitrator.

15. Monitor has paid the principal amount of the Award and the interest accrued thereon through the date of payment, and has also reimbursed Hallmark for fees advanced to the American Arbitration Association and the Arbitrator.

16. In addition to the damages and costs assessed against Monitor, the Arbitration Award granted Hallmark injunctive relief and the Arbitrator issued an Injunction, a copy of which is attached as Exhibit D.

17. Proceedings to confirm an arbitration award are summary in nature. <u>Taylor v. Nelson</u>, 788 F.2d 220, 225 (4th Cir. 1986) (motion to confirm filed after deadline for vacating award must be granted as summary proceeding). The Court is required to grant a motion to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the Federal Arbitration Act]." 9 U.S.C. § 9 (2006); *see also* <u>Spine Surgery, Inc. v. Sands Brothers, Inc.</u>, 393 F.Supp.2d 1138, 1144 (W.D.Okla. 2005) (as defendants had no basis for vacating, modifying, or correcting award, it must be confirmed).

18. No motion to vacate, modify, or correct the Award has been filed by either party.

WHEREFORE, for the reasons stated above, plaintiff Hallmark and defendant Monitor move pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, for an Order confirming the Arbitration Award and for entry of an injunction in the form entered by the Arbitrator.

Respectfully submitted,

ROUSE HENDRICKS GERMAN MAY PC


By     s/ Charles W. German
     Charles W. German    MO # 26534
     Daniel E. Blegen     MO # 47276
     1010 Walnut Street, Suite 400
     Kansas City, MO 64106
     Tele:  (816) 471-7700
     Fax:   (816) 471-2221
     Email: charleyg@rhgm.com
     Email: danb@rhgm.com

STINSON MORRISON HECKER LLP
     John C. Aisenbrey
     1201 Walnut Street, Suite 2800
     Kansas City, MO 64106

ATTORNEYS FOR HALLMARK CARDS, INCORPORATED

and

SULLIVAN & WORCESTER LLP

By      s/ Laura Steinberg
     Laura Steinberg
     William A. Matlack
     One Post Office Square
     Boston, MA 02109

ATTORNEYS FOR MONITOR COMPANY GROUP LIMITED PARTNERSHIP

4

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was served by first class mail, postage prepaid, on this 11th day of May, 2007, upon the following counsel of record:

> Laura Steinberg
> William A. Matlack
> SULLIVAN & WORCESTER LLP
> One Post Office Square
> Boston, MA 02109
> Attorneys for Monitor Company Group LP

                                                      s/ Charles W. German
                                            Attorney for Hallmark Cards, Incorporated