AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION

| | |
|---|---|
| In the Matter of<br><br>HALLMARK CARDS, INCORPORATED,<br><br>                                  Claimant,<br><br>v.<br><br>MONITOR COMPANY GROUP<br>LIMITED PARTNERSHIP,<br><br>                                  Respondent. | Docket No.<br>57 18100014 06 |

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

It is hereby stipulated by and between claimant Hallmark Cards, Incorporated ("Hallmark") and respondent Monitor Company Group Limited Partnership ("Monitor") that the following procedures shall govern all production of documents and any deposition testimony or further discovery that may hereafter be taken in this proceeding.

    1.    Pursuant to this Stipulated Protective Order ("Stipulation"), a party or a non-party may designate as "Confidential" any documents, information, testimony, or other discovery material produced by claimant, respondent, or any third party that contains the designating party's confidential and/or proprietary financial, technical, research, development, or commercial information or intellectual property. "Confidential" material may be designated as "Strictly Confidential" if it is of such a highly sensitive, commercial, or competitive nature, such as certain documents or information containing or derived from trade secrets, confidential pricing, costs, or other financial data, or technical, marketing, or customer information or intellectual

property rights, that a party or third party in good faith believes that disclosure thereof could harm the party's or third party's current or future competitive or commercial position or be of commercial benefit to its competitors. The designation of such material as "Confidential" or "Strictly Confidential" will be deemed effective unless and until redesignated by the designating party or ordered otherwise.

2. Any materials designated as "Confidential" shall be maintained in confidence by counsel of record herein and shall be used solely in connection with this proceeding and for no other purpose. Except as otherwise provided herein, access to "Confidential" materials shall be limited to the following persons:

    a. counsel for the parties, including in-house counsel;

    b. secretaries, legal assistants, or other employees of counsel for the parties in connection with this proceeding;

    c. experts or litigation support vendors retained and supervised by counsel of record herein only to the extent necessary to perform such work; *provided, however,* that no such expert or other person may be engaged in, or be employed by a person or entity engaged in business or other activities that compete with Hallmark or Monitor without express written consent in each instance;

    d. employees or agents of the parties having an actual need for such access in order to consult with persons described in paragraph 2.a, b, or c for purposes of this proceeding;

    e. the American Arbitration Association, the Arbitrator, their respective staffs, and court reporters who record and/or transcribe deposition or other testimony in this action with suitable precautions calculated to maintain confidentiality.

3. Any materials designated as "Strictly Confidential" shall be maintained in confidence by counsel of record herein and shall be used solely in connection with this proceeding and for no other purpose. Except as otherwise provided herein, access to "Strictly Confidential" materials shall be limited to the following persons:

a. counsel for the parties, including at most three (3) in-house counsel;

b. secretaries, legal assistants, or other employees of counsel for the parties in connection with this proceeding;

c. experts or litigation support vendors retained and supervised by counsel of record herein only to the extent necessary to perform such work; *provided, however,* that no such expert or other person may be engaged in, or be employed by a person or entity engaged in business or other activities that compete with Hallmark or Monitor without express written consent in each instance;

d. employees or agents of the parties having an actual need for such access for purposes of this proceeding in order to consult with persons described in paragraph 2.a, b, or c, *provided, however,* that the number of non-attorney employees of the party is limited to four (4) in number, whose identity shall be disclosed, and *further provided* that these employees have not provided any assistance or services to Monitor Clipper Partners ("Monitor Clipper") in connection with the Recycled Paper Greetings ("RPG") analysis or transaction or communicated with Monitor Clipper regarding the greeting card industry, and will not communicate with, consult with or perform work for Monitor Clipper on matters relating to RPG (i) during the pendency of this proceeding or, (ii) thereafter, except with permission of the Arbitrator;

e. the American Arbitration Association, the Arbitrator, their respective staffs, and court reporters who record and/or transcribe deposition or other testimony in this proceeding with suitable precautions calculated to maintain confidentiality.

4. Except as provided below in this Paragraph 4, persons who are given access to any of the materials covered by this Stipulation, other than (a) the Arbitrator, his staff, and court reporters and (b) those persons specified in paragraphs 2.a, 2.b, 3.a, and 3.b above, shall execute the Undertaking attached hereto as Exhibit A before any disclosure is made, or, in the case of a testifying witness, agree on the record to be bound by the terms and conditions of this Stipulation. The executed original Undertaking shall in every instance be retained and preserved by counsel for the party disclosing the Confidential or Strictly Confidential information.

5. "Confidential" or "Strictly Confidential" materials, as used in this Stipulation, shall refer to any so designated document, information, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such materials.

6. No designation of discovery materials as "Confidential" or "Strictly Confidential" shall be made unless counsel for the designating party believes in good faith that the designated material is entitled to such degree of protection.

7. No designation for "Confidential" or "Strictly Confidential" material shall be effective unless there is placed or affixed on such material a "CONFIDENTIAL" or "STRICTLY CONFIDENTIAL" notice or the equivalent thereof. Any "Confidential" or "Strictly Confidential" designation that is inadvertently omitted during document production or deposition testimony may be corrected by written notice to all other counsel. Testimony given at a deposition or hearing may be so designated by an appropriate statement at the time of the giving of such testimony or within a reasonable time after the transcript has been prepared.

8. Persons permitted access to "Confidential" or "Strictly Confidential" information hereunder shall not show, disclose, or convey any such information to any person other than as expressly permitted by this Stipulation. Paragraph 3(d)(ii) of this Stipulation shall remain in effect after this proceeding is concluded unless and until the Arbitrator rules otherwise. Notwithstanding anything to the contrary in Paragraphs 2 and 3 above, nothing in this Stipulation shall preclude a party which has produced "Confidential" or "Strictly Confidential" information and so designated it from granting access to that information by that party's own employees.

9. If at any time a party objects to a designation of material as "Confidential" or "Strictly Confidential" under this Stipulation, the objecting party shall notify the designating party in writing. The objecting party shall identify the material in question, and shall specify in

reasonable detail the reason(s) for the objection. Within ten (10) calendar days after the receipt of such notice, the designating party and the objecting party shall meet and confer in an effort to resolve their differences. If no agreement is reached, the objecting party shall have the burden of going forward to challenge the designation of the material as "Confidential" or "Strictly Confidential" and the party designating the material as "Confidential" or "Strictly Confidential" shall have the burden of establishing the propriety of such designation. The material shall be maintained as "Confidential" or "Strictly Confidential" until the Arbitrator rules otherwise.

10. The entry of this Stipulation shall not, in itself, operate as an admission against or otherwise prejudice any contention of Hallmark or Monitor on any motion provided for herein, nor shall such Stipulation be taken to constitute a waiver of Hallmark's or Monitor's right to seek relief from any or all provisions of this Stipulation at a future time. This Stipulation has no bearing on the admissibility or inadmissibility of any evidence sought to be introduced at the hearing.

11. In the event any information designated as "Confidential" or "Strictly Confidential" is used in any court proceeding in connection with this proceeding, it shall not lose its status as "Confidential" or "Strictly Confidential" through such use, and the parties shall take all steps reasonably required to protect the confidentiality of the information during such use including filing said documents and information under seal.

12. At the conclusion of this action, the documents and information designated as "Confidential" or "Strictly Confidential", and the matters contained therein, including all copies, extracts, and summaries thereof, shall be returned promptly to the producing party, or counsel for Hallmark and Monitor shall certify in writing that all such material provided to them, including all copies, summaries, and extracts, has been destroyed.

June 23, 2006

_____
John C. Aisenbrey
Kathleen A. Ryan
STINSON MORRISON HECKER LLP
1201 Walnut Street (Suite 2800)
Kansas City, MO 64106-2150
(816) 842-8600 tel.
(816) 691-3495 fax

*Attorneys for Claimant*
*Hallmark Cards, Incorporated*

Laura Steinberg / by JCA
_____
Laura Steinberg
William A. Matlack
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 tel.
(617) 338-2880 fax

*Attorneys for Respondent*
*Monitor Company Group Limited Partnership*

So ordered this _3/3_ day of June, 2006.

_____
David W. Russell
Arbitrator

# EXHIBIT A

## Undertaking

I, _____, declare under penalty of perjury that I have read, in its entirety, the Stipulated Protective Order entered in the matter captioned <u>In re Hallmark Cards, Incorporated v. Monitor Company Group Limited Partnership</u>, American Arbitration Association Docket No. 57 18100014 06, and I agree to adhere to and be bound by its terms and hereby submit to the jurisdiction of the American Arbitration Association only with respect to the Stipulated Protective Order and the enforcement thereof.

Dated: _____ Signed: _____