IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HALLMARK CARDS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-0357-CV-W-ODS |
| | ) |
| MONITOR COMPANY GROUP | ) |
| LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER AND OPINION SETTING FINE FOR DEFENDANT'S CONTEMPT OF COURT
AND FURTHER MODIFYING THE INJUNCTION</u>

The history in this matter has been documented in the Court's prior orders and will be only summarized here. On May 18, 2007, the Court issued an Order implementing an injunction entered by an arbitrator. A hearing on Plaintiff's Motion for Contempt was held on October 5, 2009, and an order was issued on November 20, 2009. The Court found clear and convincing evidence Defendant violated the injunction in a myriad of respects and found Defendant in contempt of court. A hearing was held on December 21, 2009, to receive evidence regarding an appropriate remedy.

"Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both. Either incarceration or a fine may accomplish the purpose of coercion, while, where compensation is intended, a fine is imposed, payable to complainant." <u>Chicago Truck Drivers v. Brotherhood Labor Leasing</u>, 207 F.3d 500, 505 (8th Cir. 2000) (quotation omitted). The parties agree Plaintiff is entitled to recover its reasonable attorneys fees and costs incurred in investigating and litigating the issue. The parties also agree that a contingent sanction designed to insure Defendant complies with the injunction's deadlines is appropriate. The parties do not agree beyond these broad propositions.

Plaintiff seeks additional amounts as "compensation," but the Court previously held "[n]othing in the Record supports an award of compensation for the violations (because the harm to Hallmark cannot be determined) . . . ." Plaintiff posits a variety of

methods to compensate for the harms it allegedly suffered, but none of those methods bear any relationship to the harms in question.  For instance, the Court cannot impose some multiple of the fees Plaintiff incurred as compensation for the destruction of documents because there is no basis for believing that measure bears any relationship to the harm.  The Court also cannot impose a fine or other punishment on Defendant, at least not as a result of the proceedings to date.  "'Contempts involving out-of-court disobedience to complex injunctions often require elaborate and reliable factfinding. . . . Under these circumstances, criminal procedural protections such as the rights to counsel and proof beyond a reasonable doubt are both necessary and appropriate to protect the due process rights of parties and prevent the arbitrary exercise of judicial power.'" Jake's, Ltd v. City of Coates, 356 F.3d 896, 902 (8th Cir. 2004) (quoting United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 834 (1994)).  These protections are not required for coercive and compensatory remedies, Bagwell, 512 U.S. at 828-29, 838-39, (describing these remedies as civil, not criminal) but they are required before the contemnor can be punished.

     Accordingly, the Court orders Defendant to pay Plaintiff's fees and costs in the amount of $827,239.22.  This represents the reasonable fees and costs incurred by Plaintiff and its attorneys to discover and bring to light Defendant's failures and transgressions.  The Court does not believe ability to pay is an issue when considering the degree of remedial compensation the contemnor must pay; in the case cited by Defendant, ability to pay was mentioned as a factor to consider when evaluating the coercive aspects of the sanction.  See Chaganti & Associates, P.C. v. Nowotny, 470 F.3d 1215, 1224-25 (8th Cir. 2006).  In any event, the Court believes Defendant has the ability to pay this sum – particularly in light of the undisputed evidence that partners have received net distributions averaging $1 million per month through the first nine months of 2009.  Moreover, inasmuch as it represents the amount Plaintiff incurred to expose Defendant's contempt, fundamental fairness requires that Defendant reimburse Plaintiff that sum.

     The Court also amends the injunction to include the possibility of contingent fines in the event more violations occur.

- If Defendant disseminates Hallmark Data in a manner that violates the injunction, Monitor may be ordered to pay a fine of $50,000. This provision does not preclude the Court from deciding that in lieu of this fine the more appropriate course is to institute a criminal contempt proceeding.
- Currently, the injunction directs that on the last day of every month starting with January 2010 Defendant "shall produce all additional documents it identifies as responsive to the Injunction's production requirements. Monitor shall complete the process of searching, reviewing and producing documents by July 31, 2010." Defendant shall pay a fine of $15,000 per day for any failure to comply with these deadlines.

IT IS SO ORDERED.

DATE: December 22, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT